UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 MAY 22 PM 2:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOSEPH GILCHRIST, )
)
Plaintiff, )
)
vs. ) Civil Action No. CV-98-S-1185-NE
)
CHAMPION INTERNATIONAL )
CORP., et al., )
)
Defendants. )
)

ENTERED
MAY 22 1998

## MEMORANDUM OPINION

Plaintiff Joseph Gilchrist commenced this action in the Circuit Court of Lawrence County, Alabama on March 27, 1998, asserting claims of negligence against defendants Champion International Corp. and Rex Key, and asserting a workers' compensation claim against his employer, Martin Gas Transportation Corp.

Champion International, joined by defendants Key and Martin Gas, removed the action to this court by notice filed May 11, 1998.

The action now is before the court on plaintiff's motion to remand. Upon consideration of the motion, defendants' notice of removal, and the complaint, this court concludes plaintiff's motion to remand is due to be granted.

### I. DISCUSSION

Federal courts are courts of limited jurisdiction. *E.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). As such, they have

the power to hear only those cases authorized by Congress or by the Constitution. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1675 (citation omitted); *see also Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court").

A. **Complete Diversity**

Champion International contends this court has jurisdiction under the diversity statute. 28 U.S.C. § 1332. Although the statute does not specify complete diversity of citizenship, it has long been the rule that diversity jurisdiction requires all plaintiffs to be diverse from all defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

It is conceded that defendants Rex Key and Martin Gas Transportation are not diverse parties.[1] Key is a resident of the State of Alabama. (Notice of Removal ¶ 10.) Martin Gas is a corporation organized and existing under the laws of the State of Alabama. (*Id.* ¶ 11.) Champion argues that Key was fraudulently joined in order to prevent removal. If this is so, then the court may disregard the citizenship of Key for purposes of determining

---

[1] Champion argues that plaintiff's workers' compensation claim against Martin Gas is improperly joined with his tort claims against the other defendants. Champion has filed a motion to sever the claim against Martin Gas from this action. Given the court's decision to remand the entire action, Champion's motion to sever is best left for consideration by the state court.

2

jurisdiction. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983).

Where a party alleges fraudulent joinder, that party bears the burden of proving its allegations by clear and convincing evidence. *Coker*, 709 F.2d at 1440; *Yawn v. Southern Railway Co.*, 591 F.2d 312, 316 (5th Cir.), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979).[2] Although the court properly looks to the complaint itself to determine whether or not there has been fraudulent joinder, the court may resort to additional submissions, such as deposition testimony and affidavits, when making its determination. *Coker*, 709 F.2d at 1440. All allegations and submissions must be viewed in the light most favorable to the plaintiff, who chose the state forum and opposes removal. *Id.* Thus, if there is <u>even a possibility</u> that a state court would find that plaintiff's complaint states a valid claim against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Id.* at 1440-1441.

Champion argues that Key cannot be liable to plaintiff for negligence, because plaintiff was an independent contractor to whom Key owed no duty. (Notice of Removal ¶ 20.) Champion states "It is well-settled in Alabama that a premises owner <u>generally</u> owes no duty to an employee of an independent contractor with respect to the work conditions on the premises." (*Id.* (emphasis supplied).)

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Although that may be the general rule, it is not the rule in every case, and its application depends heavily on the facts alleged in the complaint and, ultimately, the facts proven at trial.

A more accurate description of Key's duty can be found in *Glenn v. United States Steel Corp.*, 423 So. 2d 152 (Ala. 1982), wherein the Alabama Supreme Court noted :

> This court has defined the duty owed by an owner of premises to an independent contractor on a number of occasions.
>
>> "[A]n owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. If the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this, of course, he is liable for resultant injury. *Crawford Johnson & Co. v. Duffner*, 279 Ala. 678, 189 So.2d 474 (1966)."
>
> *Veal v. Phillips*, 285 Ala. 655, 657-658, 235 So.2d 799 (1970). This rule applies equally to those employees of the independent contractor on the premises engaged in work in furtherance of performing the contract.

*Glenn*, 423 So.2d at 154 (emphasis supplied).

Count Two of the complaint in this action alleges that

> Defendants mixed one thousand pounds of sulfuric acid with the black liquor sludge in the Plaintiff's tanker thereby creating a dangerous noxious and toxic substance, with the knowledge that said substance would be created and further that the Defendants directed and/or allowed the Plaintiff to come in contact with said substance without warning the Plaintiff of the presence of the substance or the danger that it posed.

(Complaint ¶ 18.) The application of the principle enunciated in *Glenn* to the disputed facts in this case is a matter best left to

4

the state court upon remand. This court is convinced that there is a possibility that Key may be found liable to plaintiff for negligent failure to warn. Accordingly, the court finds that Key has not been fraudulently joined, complete diversity does not exist, and remand of this action is proper.

**B. Amount in Controversy**

The burden of proving the requisite amount in controversy rests with the removing defendant. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). Where a plaintiff has specifically claimed <u>less than</u> the jurisdictional amount in his state court complaint, the removing defendant must show to a "legal certainty" that the plaintiff would not recover less than $75,000, if he prevailed. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. ... Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specific demand of damages and signed by a lawyer was due deference and a presumption of truth. ... We concluded the defendant's burden was a "heavy one" and the legal certainty standard was therefore appropriate. ... Any lesser burden would impermissibly expand federal diversity jurisdiction. ...

*Tapscott*, 77 F.3d at 1356 (citing *Burns*, 31 F.3d at 1095-97).

On the other hand, where — as in the present action — a plaintiff has made an unspecified demand for damages, the rule is different. In such cases, the Eleventh Circuit instructs that

> a low[] burden of proof is warranted because there is simply no estimate of damages to which a court may defer.

5

Nevertheless, a defendant's ability to remove a state case to federal court is not unfettered. The proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a preponderance of the evidence standard. As the *Gafford* Court stated:

> It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.

*Gafford*, 997 F.2d at 159 (footnote omitted). Thus, we hold where a plaintiff has made an unspecified demand for damages in state court, <u>a removing defendant must prove by a preponderance of the evidence that</u> the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement.

*Tapscott*, 77 F.3d at 1357 (citing *Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993))(emphasis supplied).

Here, plaintiff seeks only "an amount that the jury deems to be adequate and proper, plus cost[s]" for each claim. (Complaint at 3-4.) Thus, the removing defendant must prove by a preponderance of the evidence that those demands, if met, more likely than not would yield a recovery in excess of the $75,000 jurisdictional requirement.

Champion's showing on this point begins with a bare reiteration of plaintiff's alleged injuries, and ends with the following conclusory assertion: "Clearly, plaintiff claims that

6

damages in excess of $75,000 are at issue." (Notice of Removal ¶ 12.) Champion cites no cases involving facts similar to this action in which a plaintiff recovered damages in excess of $75,000. Most importantly, Champion presents no evidence that juries in Lawrence County, Alabama have ever awarded an amount in excess of $75,000 for a claim similar to plaintiff's, much less that, more likely than not, they would do so in this instance.

On matters of federal jurisdiction, the tie goes to state court. *Burns*, 31 F.3d at 1095 ("in deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court"). Accordingly, the court finds that Champion has not shown by a preponderance of evidence that plaintiff's recovery, if he prevails, more likely than not will exceed $75,000. Thus, jurisdiction in this court is not proper. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 22nd day of May, 1998.

_____
United States District Judge